Dear Honorable Philip C. Jimeno Maryland Senate
You have asked for our opinion whether a licensed electrical engineer may give expert testimony in a Maryland court about whether a fire had an electrical origin. You note that State law includes the investigation of the cause of a fire within the definition of "private detective services" and ask whether an electrical engineer would be barred from providing expert testimony if the engineer is not also certified as a private detective.
In our opinion, an electrical engineer may be qualified as an expert witness on whether a fire had an electrical origin, regardless of whether the engineer is also certified as a private detective. There is a distinction between expert witness qualifications and licensing status. Under Maryland law, a court may allow a witness to provide expert testimony if the witness is qualified as an expert on a relevant topic as a result of training, experience, or other reasons and the court believes that such testimony will assist the factfinder concerning an issue in the case. The licensing status of the witness may be a factor in that determination, but is hardly conclusive on the expertise of the witness. Thus, a court may qualify an electrical engineer to provide expert testimony on the possible electrical origin of a fire, if the court finds that the engineer has the requisite expertise and that the proffered testimony will assist the factfinder.
The fact that the engineer is not also certified as a private investigator does not preclude the engineer from providing that testimony.[1]
 I Licensing and Scope of Practice
A. Scope of Practice
State law establishes licensing regimes for various occupations and professions, in which the General Assembly has defined the scope of practice of particular licensed occupations. See, e.g., Annotated Code of Maryland, Business Occupations and Professions Article ("BOP"), § 2-101(f) (defining "practice certified public accountancy"); Annotated Code of Maryland, Health Occupations Article ("HO"), § 3-101(f) (defining "practice chiropractic").
However, those definitions do not necessarily demarcate exclusive areas of expertise or practice. For example, some activities may fall within the scope of practice of more than one licensed occupation.
See, e.g., 80 Opinions of the Attorney General 180, 181-82 (1995) (acupuncturist could lawfully perform certain procedures that are also within the scope of practice of a veterinarian); 76 Opinions of the Attorney General 3 (physical therapist could lawfully perform certain activities also within the scope of practice of chiropractor).
1. Private Detectives
In your request, you note that the investigation of the origin of fires is within the scope of practice of a private detective under the Maryland Private Detectives Act. BOP § 13-101 et seq. That Act provides for the licensing of private detective businesses and the certification of individuals as private detectives by the Secretary of State Police. BOP §§ 13-301, 13-401. A person who provides private detective services without the requisite license or certification is subject to criminal penalties. BOP §§ 13-701, 13-707[2]
The Act defines "provide private detective services" to mean, in part:
to provide, for compensation, the service of:
(i) conducting an investigation that concerns:
 1. a crime or wrong committed, assumed to have been committed, or threatened to be committed;
 2. the identity, habits, conduct, movement, location, affiliations, associations, transactions, reputation, or character of any person;
3. the credibility of a witness or of any other individual;
4. the location of a missing individual;
5. the location or recovery of lost or stolen property; or
6. the origin or cause of or responsibility for:
A. a fire;
B. an accident;
C. any damage to or loss of property;
D. an injury to an individual;
 7. the affiliation, connection, or relation of any person with an organization or other person; or
 8. the activities, conduct, efficiency, loyalty, or honesty of any employee, agent, contractor, or subcontractor. . . .
BOP § 13-101(i)(1)(i) (emphasis added). While significant experience as a fire investigator can help an applicant qualify for a private detective license, lack of such experience does not disqualify an individual for a license if the applicant has other experience or training as a police officer or private investigator. BOP § 13-303(b).[3]
2. Professional Engineers
In Maryland, electrical engineers are licensed as "professional engineers" under the Maryland Professional Engineers Act. See BOP § 14-101 et seq. That Act defines "practice engineering" to mean:
 to provide any service or creative work the performance of which requires education, training, and experience in the application of:
(i) special kn o wledge of the mathematical, physical, and engineering sciences; and (ii) the principles and methods of engineering analysis and design.
(2) In regard to a building or other structure, machine, equipment, process, works, system, project, or public or private utility, "practice engineering" includes:
(i) consultation;
(ii) design;
(iii) evaluation;
 (iv) inspection of construction to ensure compliance with specifications and drawings
(v) investigation;
(vi) planning; and
(vii) design coordination.
BOP § 14-101(g)(1) and (2) (emphasis added). While the Maryland Professional Engineers Act includes application of special knowledge of the "physical sciences" and "investigation" within the scope of practice of professional engineers, it contains no specific reference to the investigation of the origin of fires. However, we can find no indication that the General Assembly meant to exclude investigation of the causes of a fire from the scope of an engineer's practice or that it has decided that such an activity falls exclusively within the scope of practice of private detectives. It is not unreasonable to conclude that the activity is within the scope of practice of both professional engineers and private detectives.[4]
B. Relationship of Scope of Practice to Expert Qualifications
Whether an activity falls within the scope of practice of a licensed profession or occupation does not determine whether a particular member of the profession or occupation is qualified to offer expert testimony on that topic. For example, a physician who specializes in psychiatry may lack the experience and training to offer expert testimony about a surgical procedure, although both psychiatry and surgery are within the scope of practice of medicine.
See HO § 14-101(l). Qualification of an individual to provide expert testimony on a particular topic in a Maryland court is governed by the rules adopted by the Court of Appeals concerning expert testimony.
 II Expert Testimony and Licensing Status
The Maryland Rules of Evidence provide that "[e]xpert testimony may be admitted, in the form of an opinion or otherwise, if the court determines that the testimony will assist the trier of fact to understand the evidence or to determine a fact in issue." Rule 5 — 702.[5] The rule also provides some guidance to the court as to how to decide whether the testimony will assist the factfinder:
In making that determination, the court shall determine (1) whether the witness is qualified as an expert by knowledge, skill, experience, training, or education, (2) the appropriateness of the expert testimony on the particular subject, and (3) whether a sufficient factual basis exists to support the expert testimony.
Rule 5-702. Notably, while the rule references knowledge, skill, experience, training, and education as possible bases to qualify an expert as a witness, it makes no reference to licensing status.[6]
As its absence from the rule suggests, licensing status does not determine whether an individual has the requisite knowledge, experience, training, or education to offer an opinion on a particular subject. An individual private detective may be well qualified to offer expert testimony. Cf. Hensley v. Rich,38 Md. 334, 342, 380 A.2d 252 (1977) (noting that investigators "with the requisite experience" are frequently qualified as experts). However, the fact that an individual is certified as a private detective would not automatically qualify that individual to offer an expert opinion on the origin of a fire, particularly if the individual had no training or experience investigating fires. Notably, neither the Maryland Private Detectives Act nor the related regulations[7] that govern certification of private detectives require any expertise or training in the investigation of fires as a prerequisite to certification as a private detective.
If the definition of "private detective services" were construed to delineate an area of expertise exclusive to private detectives and to preclude anyone other than a private detective from testifying about matters related to that definition, it would render ineligible a vast array of professionals from testifying as experts. For example, the scope of private detective services includes "conducting an investigation that concerns a . . . wrong committed. . . ." BOP § 13-101(i)(1) (i)(2). If only a certified private detective could offer an expert opinion on that topic, few of the many experts who now testify on liability issues in the State courts could do so.
Under Rule 5-702, a Maryland court has "wide latitude in deciding whether to qualify a witness as an expert or to admit or exclude particular expert testimony" and may consider "any aspect of a witness's background." Massie v. State, 349 Md. 834, 850-51,709 A.2d 1316 (1998). Such decisions will be reversed only if the trial court abuses its discretion. Id.
In our view, under Rule 5-702, a court could conclude that the training and experience of a professional engineer qualified that engineer to testify as an expert witness on the possible electrical origin of a fire in a particular case. The court could properly reach that conclusion regardless of whether the engineer was also licensed as a private investigator. Indeed, even before the adoption of Rule 5-702, Maryland courts qualified engineers as expert witnesses as to the possible electrical origin of a fire. See O'Doherty v. Catonsville Plumbing Heating Co.,262 Md. 646, 649-50, 278 A.2d 557 (1971) (expert testimony of chemical engineer sufficient to establish prima facie case in negligence action based on fire of disputed origin).
 III Conclusion
In our opinion, a Maryland court may permit an electrical engineer to provide expert testimony on the possible electrical origin of a fire, if the court believes the particular engineer has the necessary expertise and that the proffered testimony will assist the factfinder. The fact that the engineer is not also certified as a private investigator does not preclude the engineer from testifying as an expert on the origin of a fire.
J. Joseph Curran, Jr., Attorney General.
Robert N. McDonald Chief Counsel, Opinions Advice.
[1] In your letter requesting this opinion, you described in some detail a State circuit court case in which an electrical engineer was not permitted to testify as an expert witness. We express no opinion on the merits of the ruling in that particular case.
[2] The Act provides some leeway for an uncertified individual who works for a licensed private detective agency and who has submitted an application for certification. See BOP § 13-401(b).
[3] Fire investigation experience and training is listed as one of five alternative means for a "representative member" of a private detective agency to satisfy the experience and training requirement for a license to conduct a private detective business. See BOP § 13-303(b)(5).
[4] The role of engineers has been recognized in at least some fire investigations. For an analysis of the collapse of the World Trade Center towers by a prominent engineer from the Massachusetts Institute of Technology, see www.pbs.org/wgbh/nova/wtc/collapse.html.
[5] Federal courts apply a somewhat different standards for the admissibility of scientific expert testimony based on Federal Rule of Evidence 702, as construed by Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). See Burral v. State,352 Md. 707, 737-38, 724 A.2d 65 (1999) (distinguishing federal and Maryland standards).
[6] Of course, in some circumstances, possession of a license to practice a particular profession or occupation may be evidence that the witness has the requisite training or knowledge to qualify as an expert on a particular subject.
[7] See COMAR 29.04.01. *Page 190